STATE, APPELLANT, v. CLEMENS, RESPONDENT.

(No. 2,773.)

(Submitted February 24, 1910. Decided March 2, 1910.)

[107 Pac. 896.]

*Criminal Law—Misdemeanors—Statute of Limitations—Exceptions—Construction.*

Statute of Limitations—Exceptions—How to be Construed.

1. An exception to a statute of limitations cannot be enlarged beyond what its plain language imports, and, when invoked, the case must clearly and unequivocally fall within it.

Statutory Construction.

2. In order that the true meaning of the legislature in enacting a statute may be determined and carried out, every word, phrase, term and provision must be taken into account, and none should be considered as unmeaning, if a construction can be found which will give it effect.

Misdemeanors—Statute of Limitations—Construction.

3. *Held,* that where an information charging one with a misdemeanor committed while in the state was not filed until one year and ten months after the date of its commission, the cause of action against defendant was barred by section 9028, Revised Codes; *held,* further, that an allegation in the pleading that immediately after the offense defendant left the state and has ever since resided outside of it, did not bring the case within the exception, stated in section 9029, that "no time during which the defendant is not an inhabitant of, or usually resident within, this state, is part of the limitation," but that this provision applies only to the subject treated in the latter section, to-wit, to cases where defendant was out of the state at the time he did the act complained of.

Same—Pleading of Limitation—Demurrer.

4. Under subdivision 5, section 9200, Revised Codes, defendant properly demurred to the information on the ground that it appeared upon the face thereof that the prosecution was barred by the statute of limitations.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

W. C. CLEMENS was informed against for a misdemeanor, and, from a judgment dismissing the information on demurrer, the state appeals. Affirmed.

*Mr. Albert J. Galen,* Attorney General, and *Mr. William L. Murphy,* Assistant Attorney General, submitted a brief in behalf of the State. *Mr. Murphy* argued the cause orally.

In behalf of Respondent, there was a brief and oral argument by *Mr. C. A. Spaulding.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On June 29, 1908, an information was filed in the district court of Lewis and Clark county charging that the defendant in said county committed a misdemeanor on the tenth day of August, 1906. To this information the defendant interposed a demurrer, which was sustained, and the state having declined to plead further, judgment was rendered and entered dismissing the information and discharging the defendant. From that judgment the state appealed.

In the trial court it was urged that the cause of action against the defendant was barred by the statute of limitations at the time the information was filed, and, if that contention be upheld now, a discussion of the other questions suggested on this appeal would be useless.

It appears that more than one year and ten months elapsed between the date upon which it is alleged the offense was committed, and the date upon which the information was filed. Section 9028, Revised Codes, provides: "An indictment for any misdemeanor must be found, or an information filed or complaint made, within one year after its commission." In an attempt to avoid the effect of the apparent bar of this section, the information, after setting forth the facts constituting the offense, continues: "That on or about said tenth day of August, 1906, the defendant as aforesaid departed from the state of Montana, and ever since said time the said defendant has lived and had his residence without the state of Montana." The attorney general insists that this allegation brings the case within the exception to the rule stated in section 9028, above. The exception is found in the next section, which reads as follows: "Sec. 9029. If, when the offense is committed, the defendant is out of the state, the indictment may be found or an information or complaint filed, within the time herein limited, after his coming

within the state, and no time during which the defendant is not
an inhabitant of, or usually resident within this state, is part
of the limitation." Since it appears from the information that
the defendant was within this state at the time the offense is al-
leged to have been committed, the case does not fall within the
exception noted in the first part of section 9029. But it is in-
sisted that the language, "and no time during which the de-
fendant is not an inhabitant of, or usually resident within this
state, is a part of the limitation," is applicable to the case of one
who commits a crime while within this state and afterward de-
parts therefrom; and upon the application of these words hinges
the decision in this instance.

Section 9028, above, is a general statute of limitations, ap-
plicable to misdemeanors; and it is an elementary rule of statu-
tory construction that an exception to such a statute cannot be
enlarged beyond what its plain language imports, and that, when-
ever the exception is invoked, the case made must clearly and
unequivocally fall within it. (Wood on Limitations, 3d ed., sec.
252, and note.) The author just cited, after a very thorough
review of the authorities, says: "It may be safely said that the
courts have no authority to make any exceptions in favor of the
party, to protect him from the consequences of the statute, un-
less they come clearly within the letter of the saving clauses
therein contained, and that the exercise of any such authority
by the courts is a usurpation of legislative powers by it which is
wholly unwarranted, and which courts should never resort to.
By making the exceptions which exist in the statute the legisla-
ture has exercised its prerogative power, and the fact that no
others were made clearly indicates that it intended that no others
should exist, and the courts have no power to add any, however
much the ends of justice in a particular case may demand it."

To what class of offenders, then, do the words quoted above
from section 9029, "and no time during which the defendant is
not an inhabitant of, or usually resident within this state, is part
of the limitation," apply? If these words are to be given gen-
eral application, so as to include one who was within the state

at the time the offense was committed, but subsequently left the state, then the first part of section 9029 is meaningless; for these latter words would apply equally to one who was not within the state when the crime was committed. But the courts are not at liberty to thus construe, out of a statute as meaningless, provisions which appear perfectly plain. The general rule of interpretation is given in 6 Current Law, 1538, as follows: "In order that the true meaning of the legislature may be determined and carried out, every word, phrase, term and provision of an Act must be considered, and none should be considered as unmeaning if a construction can be found which will give it effect."

We think that the concluding words of section 9029, quoted above, are to be read with reference to the subject treated in the section, and that they apply only to a defendant who was not within the state when the crime with which he is charged was committed, and that they do not have any reference to a defendant who commits a crime while within this state, and afterward leaves the state. Our conclusion in this particular is fortified by a consideration of the statute of limitations applicable in civil actions. Section 6458 of the Revised Codes provides: "If when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited after his return to the state, and *if after the cause of action accrues, he departs from the state,* the time of his absence is no part of the time limited for the commencement of the action." (Italics ours.) If section 9029 was intended to apply to a defendant who leaves the state after committing a crime, apt terms, such as are italicized above, would have been employed. The legislators did not experience any difficulty in forcefully expressing their meaning upon the subject as it applies to civil actions, and we cannot assume that they meant that the same rule should be in force in criminal cases, but were unable to say so. To give to section 9029 a meaning that would make it apply to the defendant in the present case would be to interpolate into that section the words in section 6458 in italics above, or equivalent words, and this we are not at liberty to do.

One ground of defendant's demurrer to the information properly raised the question of the bar of the statute of limitations (subdivision 5, section 9200, Revised Codes; *People* v. *Ayhens,* 85 Cal. 86, 24 Pac. 635), and upon that ground of the demurrer alone the district court's ruling was fully justified. The mere fact that a defendant is absent from the state does not constitute any justification or excuse for delay in filing an information against him, particularly in view of our very liberal rules applicable in extradition proceedings.

We do not find any error in the record. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.