No. 91-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

       Plaintiff and Appellant,

  -vs-

MONA LORRAINE HAMILTON,

       Defendant and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable Maurice R. Colberg, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Hon. Marc Racicot, Attorney General, Helena,
Montana; Kathy Seeley and Kimberly Kradolfer,
Assistant Attorneys General;
Christine A. Cooke, Big Horn County, Hardin,
Montana.

       For Respondent:

           James L. Vogel, Attorney at Law, Hardin, Montana.

**FILED**

**JAN 1 4 1992**

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: December 4, 1991

Decided: January 14, 1992

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The State of Montana appeals from an order of the District Court for the Thirteenth Judicial District, Big Horn County, dismissing three counts of official misconduct against Mona Lorraine Hamilton. We affirm.

The issue is whether the official misconduct charges brought against Hamilton were based on a continuing course of conduct so that they were not barred by the one-year statute of limitation for misdemeanors.

In April 1991, an information was filed against Hamilton, the County Treasurer of Big Horn County, charging her with nine counts of official misconduct in violation of § 45-7-401, MCA. These included charges of transferring vehicle registration fees into an unauthorized "overage account;" removing cash from the "overage account" for her own personal use, both with and without replacing the cash with personal checks; replacing cash from the treasurer's cash register with personal checks and then delaying processing of the checks; and, without payment, issuing vehicle registration certificates for vehicles belonging to her.

In July 1991, the State moved to dismiss six of the nine counts against Hamilton on the grounds that they unnecessarily duplicated other similar acts charged under the remaining counts. That motion was granted. The defense moved to dismiss the remaining three counts on the basis that all were barred by the

2

one-year statute of limitation set forth at § 45-1-205(2)(b), MCA.

Although the State argued that the three remaining counts were within exceptions to the one-year statute of limitation for misdemeanors under § 45-1-205(2)(b), MCA, the court disagreed and granted the defense's motion to dismiss. The State appeals.

The three counts which the defense moved to dismiss were set forth in the information as follows:

### COUNT IV:   OFFICIAL MISCONDUCT

On or about June 29, 1987, in Hardin, Big Horn County, Montana, the Defendant committed the offense of official misconduct when, in her official capacity as Big Horn County Treasurer and with the purpose to obtain advantage for herself or another, she performed an act in excess of her lawful authority, in violation of Section 45-7-401, MCA. More specifically, the Defendant issued a personal check in her name, placed that check in the unauthorized "overage" account maintained by the Big Horn County Treasurer's Office, as described in Counts I, II and III above, and removed cash for her personal use.

### COUNT VII:   OFFICIAL MISCONDUCT

Between October 31, 1989, and February 27, 1991, in Hardin, Big Horn County, Montana, the Defendant committed the offense of official misconduct when, in her official capacity as Big Horn County Treasurer and with the purpose to obtain advantage for herself or another performed an act in excess of her lawful authority in violation [of section] 45-7-401, MCA, more specifically the Defendant deposited a check in the cash register of the Big Horn County Treasurer's Office and obtained cash for her personal use.

[As noted in that portion of the affidavit in support of motion for leave to file the information charging Count VII, the alleged date of the offense in Count VII is "approximately October, 1989." The reference to the date of February 27, 1991, allegedly is the date the October

3

1989 check was repaid and, therefore, was not the charging of an offense on February 27, 1991.]

### COUNT IX:   OFFICIAL MISCONDUCT

On approximately January 31, 1990, in Hardin, Big Horn County, Montana, the Defendant committed the offense of official misconduct when, in her official capacity as Big Horn County Treasurer and with the purpose to obtain advantage for herself or another, [she] performed an act in excess of her lawful authority in violation [of section] 45-7-401, MCA.  More specifically, the Defendant registered a vehicle belonging to her without paying registration fees as required by law.

The sufficiency of charging documents is established by reading the information together with the affidavit in support of the motion for leave to file the information.  State v. Longneck (1981), 196 Mont. 151, 154, 640 P.2d 436, 438, aff'd after remand, 201 Mont. 367, 654 P.2d 977.  The affidavit in support of the motion for leave to file the information against Hamilton stated, regarding Count IV:

A check issued in the Defendant's own name, dated June 29, 1987, in the amount of $50.00 was found in the unauthorized "overage account".  Clerks of the Big Horn County Treasurer's office have stated that the $50.00 check has been in the "overage account" since approximately the date of the check.  The Defendant has admitted to Agent O'Brien that she removed $50.00 in cash from the "overage account" in exchange for the $50.00 check.  The cash has never been returned, nor has the check been turned over to a bank for payment.

The portion of the affidavit in support of the motion for leave to file the information pertaining to Count VII provided:

In approximately October, 1989, a check issued from Rock Hamilton, the Defendant's son, to the Defendant was placed in the cash register in the Big Horn County

4

Treasurer's Office. The check, in the amount of $154.00, was used by the Defendant to obtain cash from the Treasurer's cash register. The check was presented to a bank and was ultimately returned to the Big Horn County Treasurer's Office indicating insufficient funds in the account of the issuer. The same check was resubmitted to the bank approximately three (3) times until on October 31, 1989, the bank refused to receive the check again. The amount of the check remained unpaid by the Defendant until February 27, 1991.

The affidavit in support of the motion for leave to file the information stated concerning Count IX:

On approximately January 31, 1990, the Defendant directed a clerk of the Big Horn County Treasurer's Office to type a registration certificate for the Defendant's 1986 Dodge Lancer. Normally, at this time, such registrations were printed and recorded on computer by the Big Horn County Treasurer's Office. Such a methodology assured the maintenance of a proper record of the receipt of registration fees. By typing the registration certificate on a typewriter such a record was not kept. The typed registration certificate indicated that the Defendant had paid $103.25 in registration fees. The records of the Treasurer's office indicate that the Defendant never has paid the registration fees associated with the registration certificate just described.

A prosecution for a misdemeanor must be commenced within one year after the offense is committed. Section 45-1-205(2)(b), MCA. That statute further provides, at subsection (6), that "[a]n offense is committed either when every element occurs, or when the offense is based upon a continuing course of conduct, at the time when the course of conduct is terminated. Time starts to run on the day after the offense is committed." Although the information filed against Hamilton did not allege a continuing course of conduct, that is the argument made by the State on appeal.

5

Statutes of limitation in criminal matters are to be liberally interpreted in favor of repose. Toussie v. United States (1970), 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156, 161, citing United States v. Scharton (1932), 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917. A particular offense should not be construed as continuing "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that [the legislature] must assuredly have intended that it be treated as a continuing one." Toussie, 397 U.S. at 115.

The substantive criminal statute here is § 45-7-401, MCA:

(1) A public servant commits the offense of official misconduct when in his official capacity he commits any of the following acts:
. . .
(c) with the purpose to obtain advantage for himself or another, performs an act in excess of his lawful authority.

The State concedes that the explicit language of this statute does not compel a conclusion that the offense is a continuing one. However, it argues that the nature of the offense is such that legislative intent must have been to treat official misconduct as a continuing offense. It contends that Hamilton's official misconduct continued during the entire period she abused her authority and failed to properly handle the funds entrusted to her by the citizens of Big Horn County. It argues that this continuing course of conduct was never terminated as to Counts IV and IX and

6

was only terminated as to Count VII in February 1991 when Hamilton paid to the treasurer's office the amount of her son's bad check. The State asserts that, therefore, prosecution of these three counts is not barred by the one-year statute of limitation.

The State cites State v. Earl (1990), 242 Mont. 279, 790 P.2d 464. In that case, this Court held that violation of § 87-2-509, MCA, was a continuing offense. However, under that statute, a tag provided by the Department of Fish, Wildlife, and Parks "shall be kept attached to the carcass" of a game animal taken or killed in Montana "so long as any considerable portion of the carcass remains unconsumed." Section 87-2-509(1), MCA. That language concerning the continuing duty to keep the tag attached to the carcass was the basis for this Court's classification of the offense as continuing.

The State cites the provision of § 45-1-205(3)(b), MCA, that in a prosecution for theft involving a breach of fiduciary duty, the limitation period is extended to one year after the prosecuting officer becomes aware of the offense. Section 45-1-206(2), MCA, which is also cited by the State, provides that the period of limitation does not run during any period during which the offender is a public officer and the offense charged is theft of public funds while in public office.

Hamilton was not charged with theft involving a breach of fiduciary duty or theft of public funds while in public office. Although the legislature has seen fit to explicitly extend the

7

statute of limitation for those two offenses, as well as for several others, e.g., § 45-1-205(4) and (5), MCA, it has not seen fit to extend the statute of limitation for the offense of official misconduct.

An exception to a general statute of limitation cannot be enlarged beyond that which its plain language imports, and whenever the exception is invoked the case must unequivocally fall within it. State v. Clemens (1910), 40 Mont. 567, 569, 107 P. 896, 897. Under the circumstances, we cannot conclude that the offense of official misconduct is of such a nature that the legislature "must assuredly have intended that it be treated as a continuing one." We hold that the charges against Hamilton are subject to the general one-year statute of limitation for misdemeanor offenses.

Assuming the truth of the allegations in the information against Hamilton and the affidavit upon which it is based, every element of each offense in Counts IV, VII, and IX occurred more than one year prior to the filing of the information. The order of the District Court dismissing Counts IV, VII, and IX is therefore affirmed.

_____
Chief Justice

8

We concur:

_John Conway Harrison_

_R. C. McDonough_

_Terry Trieweiler_

_William E. Hunt Sr._
Justices

9

January 14, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

HON. MARC RACICOT, Attorney General
Kathy Seeley and Kimberly Kradolfer, Asst. Atty. Generals
Justice Building
Helena, MT 59620

Christine A. Cooke
Big Horn County Attorney
Drawer H
Hardin, MT 59034

James L. Vogel
Public Defender
210 West 2nd Street
Hardin, MT 59034

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy