No. 94-313

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

Plaintiff and Appellant,

v.

CLINTON MULLIN, JR., a/k/a
CLINT MULLIN, JR.,

Defendant and Respondent.

**FILED**

DEC 06 1994



APPEAL FROM:   District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Joseph P. Mazurek, Attorney General,
Helena, Montana

Gary Ryder, Richland County Deputy Attorney,
Sidney, Montana

For Respondent:

Stephen C. Moses, Attorney at Law,
Billings, Montana

Submitted on Briefs:  November 10, 1994

Decided:  December 6, 1994

Filed:

Justice Terry N. Trieweiler delivered the opinion of the Court.

On March 29, 1994, defendant Clinton Mullin, Jr., was charged by amended information in the District Court for the Seventh Judicial District in Richland County with felony theft, in violation of § 45-6-301(3)(b), MCA, and alternatively with felony theft, in violation of § 45-6-301(1)(b), MCA. On April 14, 1994, Mullin moved to dismiss the charges on the basis they were barred by the statute of limitations. On June 9, 1994, the District Court granted Mullin's April 14 motion to dismiss. The State appeals. We affirm the order of the District Court.

The issue on appeal is:

Did the District Court err when it concluded that felony theft was not continuous conduct for purposes of applying the statute of limitations?

## FACTUAL BACKGROUND

On or about January 12, 1988, an individual named Red Machett reported two snowmobiles stolen from the Well Pro Shop yard in Williams County, North Dakota. Six years later, on February 7, 1994, Arnie Hove, the County Attorney of McCone County, Montana, advised law enforcement officers in Richland County that he had information about the missing snowmobiles.

Hove had represented Mullin in the past and leased space to Mullin's trucking business. Hove stated that he had seen the snowmobiles several times in the business space that he leased to Mullin.

2

Based on Hove's affidavit, a search warrant was issued and executed at the premises that Mullin leased from Hove. While searching the premises, law enforcement officers found two snowmobiles fitting the descriptions of the stolen snowmobiles.

On February 14, 1994, Mullin was initially charged by information with felony theft, in violation of § 45-6-301(3), MCA, for purposely or knowingly obtaining control over property stolen by another. On March 29, 1994, Mullin was charged by amended information with felony theft, in violation of § 45-6-301(3)(b), MCA, for purposely or knowingly obtaining control over property stolen by another and then concealing it, or in the alternative, with felony theft, in violation of § 45-6-301(1)(b), MCA, for purposely of knowingly exerting unauthorized control over another's property and then concealing it.

Mullin argued that the acts alleged in the State's information were committed in January of 1988, and that the statute of limitations for prosecution based on those acts expired in January of 1993. Since the information and amended information were not filed until early 1994, he successfully contended that the statute of limitations for felony theft had expired and the charges should be dismissed.

The State argues that the theft was a continuing course of conduct, and that the five-year statute of limitations for felony theft did not expire because Mullin continued to conceal the property.

3

Did the District Court err when it concluded that felony theft was not continuous conduct for purposes of applying the statute of limitations?

When we review a district court's conclusions of law, we will uphold the district court if its interpretation of the law was correct. *In re Marriage of Barnard* (1994), 264 Mont. 103, 106, 870 P.2d 91, 93, (citing *In re Marriage of Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).

Theft is defined, in pertinent part, in § 45-6-301, MCA, which provides:

> (1)  A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
> . . .
> (b)  purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property . . .
> . . . .
> (3)  A person commits the offense of theft when the person purposely or knowingly obtains control over stolen property knowing the property to have been stolen by another and:
> . . . .
> (b)  purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property . . . .

Section 45-1-205(2)(a), MCA, provides that the statute of limitations for a felony, with the exception of homicide, is five years from the time it is committed. Section 45-1-205(7), MCA, provides that:

> An offense is committed either <u>when every element occurs</u> or, when the offense is based upon a continuing course of conduct, at the time when the course of conduct

4

is terminated. Time starts to run on the day after the offense is committed.

(Emphasis added.)

We have held that "[s]tatutes of limitation in criminal matters are to be liberally interpreted in favor of repose." *State v. Hamilton* (1992), 252 Mont. 496, 500, 830 P.2d 1264, 1267 (citing *Toussie v. United States* (1970), 397 U.S. 112, 115, 90 S. Ct. 858, 860, 25 L. Ed. 2d 156, 161).

The substantive criminal statute in this case is § 45-6-301, MCA, which pertains to felony theft. Mullin argues that, based on the allegations in the information and Hove's affidavit, the offense of theft was committed on January 12, 1988. Both informations and the affidavit allege that the snowmobile thefts occurred on that date. Mullin contends that since all elements constituting felony theft occurred on January 12, 1988, the statute of limitations, pursuant to §§ 45-1-205(2)(a) and -205(7), MCA, began to run on January 13, 1988, and expired on January 13, 1993.

Section 45-1-205(8), MCA states that "[a] prosecution is commenced either when an indictment is found or an information or complaint is filed." In this case, informations were not filed against Mullin until February 14 and March 29, 1994, over six years after Mullin contends the offense was committed. He argues that since the statute of limitations was not tolled, the charges against him must be dismissed because they are untimely.

The State, on the other hand, argues that felony theft, in violation of § 45-6-301, MCA, is a continuing course of conduct and

5

that the offense was not yet "committed" pursuant to § 45-1-205(7), MCA, until the stolen property was discovered pursuant to the execution of the State's search warrant. Therefore, the five-year statute of limitations for felony theft had not yet expired. We disagree.

We held in *Hamilton* that:

A particular offense should not be construed as continuing "unless the <u>explicit language of the substantive criminal statute compels such a conclusion</u>, or the nature of the crime involved is such that [the legislature] must assuredly have intended that it be treated as a continuing one."

*Hamilton*, 830 P.2d at 1267 (quoting *Toussie*, 397 U.S. at 115, 90 S. Ct. at 860) (emphasis added). The plain language of § 45-6-301, MCA, does not state that theft is a continuing offense. Nor does the nature of the crime compel a conclusion that the Legislature intended that this crime be treated as continuing.

We have also held that "[a]n exception to a general statute of limitations cannot be enlarged beyond that which its plain language imports . . . . " *Hamilton*, 830 P.2d at 1268 (citing *State v. Clemens* (1910), 40 Mont. 567, 569, 107 P. 896, 897).

Other courts have held that theft is not a continuing offense. The Kansas Supreme Court has held that "[t]he crime of theft . . . [by obtaining unauthorized control over property] is not a continuing offense." *State v. Palmer* (Kan. 1991), 810 P.2d 734, 741 (citing *State v. Gainer* (Kan. 1980), 608 P.2d 968). In *Gainer*, the Kansas Supreme Court relied on *People v. Steinmann* (Ill. App. Ct. 1978), 373 N.E.2d 757, in which the Illinois Court of Appeals

6

stated that "'exerting unauthorized control over property'" was not a continuing offense. *Gainer*, 608 P.2d at 971 (quoting *Steinmann*, 373 N.E.2d at 762).

In *State v. Webb* (Fla. 1975), 311 So. 2d 190, the Second District Court of Appeal of Florida, in reliance on the U.S. Supreme Court's decision in *Toussie*, held that

> the crime of receiving and concealing stolen property is not a continuing offense and that the statute of limitations begins to run when the crime is complete, to wit: when the property is received and concealed with the knowledge that the same is stolen.

*Webb*, 311 So. 2d at 191.

While other courts, based on the language in their state's criminal codes, have held otherwise, *see State v. Lodermeier* (S.D. 1992), 481 N.W.2d 614; *State v. Lawrence* (Minn. 1981), 312 N.W.2d 251, we conclude that the holdings by the Kansas, Illinois, and Florida Courts better reflect the limitations imposed by our prior decision in *Hamilton* and the U.S. Supreme Court's decision in *Toussie*.

To accept the construction of § 45-6-301, MCA, suggested by the State would be to hold, in effect, that there is no statute of limitations applicable to the crime of theft unless the stolen property is abandoned. We decline to do so. Such an extreme departure from the plain language of our statute of limitations found at § 45-1-205(2)(a), MCA, is better left to the Legislature.

We conclude that the District Court was correct in its interpretation of the law.

7

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice John C. Harrison did not participate in this decision.

8