STATE of Iowa, Appellee,

v.

Donald HARRISON, Appellant.

No. 95–1366.

Supreme Court of Iowa.

March 26, 1997.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, John P. Sarcone, County Attorney, and James P. Ward, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

Donald Harrison appeals his conviction of second-degree theft in violation of Iowa Code section 714.1(4) (1993). He argues that theft by exercising control over stolen property is not a continuing offense for purposes of the statute of limitations set forth in Iowa Code section 802.3; therefore, the district court erred in denying his motion to dismiss. We reverse.

On May 21, 1993, police executed a search warrant for Harrison's property and found stolen construction equipment. On December 29, 1993, Harrison was charged by trial information with the offense of theft by exercising control over stolen property in violation of section 714.1(4).

Harrison filed a motion to dismiss the trial information on the basis that it was not timely filed pursuant to section 802.3 (an indictment or information for a felony or aggravated or serious misdemeanor shall be found within three years after its commission). He argued that all or a portion of the property alleged to have been stolen was stolen more than three years prior to December 29, 1993. The State resisted the motion, contending that theft by exercising control over stolen property is a continuing offense and that Harrison possessed the property until the search warrant was executed on May 21, 1993.

The district court overruled the motion, agreeing with the State that theft by exercising control over stolen property is a continuing offense. The court concluded Harrison did not stop exercising control over the stolen property until May 21, 1993; therefore, the statute of limitations had not yet run when the trial information was filed against him.

A jury found Harrison guilty of second-degree theft. The court granted him a suspended, indeterminate five-year sentence with probation.

Citing *State v. Hippler*, 545 N.W.2d 568, 572 (Iowa 1996), decided after the district court's ruling, Harrison argues on appeal that theft by exercising control over stolen property is not a continuing offense; therefore, the district court erred in denying his motion to dismiss. He requests his conviction be reversed and his case remanded for new trial.

The State urges us to overrule *Hippler* to the extent that it is inconsistent with *State v. Post*, 286 N.W.2d 195 (Iowa 1979), and case law in other jurisdictions.

■ "The proper meaning of a statute is a legal question." *Hippler*, 545 N.W.2d at 570. Our review is at law. *Id.*

The United States Supreme Court has stated that a particular offense should not be construed as a continuing one "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156, 161 (1970). In *Hippler*, we determined neither the express language of the criminal statute nor the nature of the crime compelled a conclusion that theft by exercising control over stolen property be treated as a continuing offense for the purposes of the statute of limitations. *Hippler*, 545 N.W.2d at 572.

We explained the policy reasons behind our conclusion that theft was not a continuing offense, noting that if we were to hold otherwise, prosecutions could be brought years after the original taking and would involve stale evidence. *Id.* at 573. Such prosecutions would "put defendants in the untenable position of not being able to obtain evidence for a proper defense." *Id.*

As the State notes, some jurisdictions have reached a contrary conclusion. *See United States v. Fleetwood*, 489 F.Supp. 129, 131–32 (D.Or.1980) (possession of stolen property continues until the last day all elements of offense were present); *State v. Reeves*, 264 Ark. 622, 574 S.W.2d 647, 649 (1978) (retaining stolen property is a continuing offense); *State v. Temple*, 65 Haw. 261, 650 P.2d 1358, 1362 (1982) (theft by receiving, retaining, disposing of stolen property is a continuing crime); *State v. Lawrence*, 312 N.W.2d 251, 253 (Minn.1981) (concealing or possessing stolen goods is a continuing offense for the purpose of the statute of limitations); *Commonwealth v. Farrar*, 271 Pa.Super. 434, 413 A.2d 1094, 1098 (1979) (retaining or disposing of stolen property is a continuing offense); *State v. Lodermeier*, 481 N.W.2d 614, 620–21 (S.D.1992) (receiving, retaining, and possession of property with an altered or removed serial number are crimes of continuing offenses).

■ However, many jurisdictions support our holding in *Hippler* and we are satisfied that we reached the correct conclusion. *See People v. Kimbro*, 182 Ill.App.3d 572, 131 Ill.Dec. 451, 538 N.E.2d 826, 828 (1989) (statute of limitations applicable to theft by exerting unauthorized control over property begins to run upon original taking of property); *State v. Gainer*, 227 Kan. 670, 608 P.2d 968, 971 (1980) (exerting unauthorized control over stolen property not a continuing offense); *State v. Mullin*, 268 Mont. 214, 886 P.2d 376, 378 (1994) (felony theft is not a continuing offense); *State v. Nuss*, 235 Neb. 107, 454 N.W.2d 482, 487 (1990) (offense of theft by receiving is not continuing offense). *See generally* Annotation, *Possession of Stolen Property as Continuing Offense*, 24 A.L.R.5th 132 (1994). Moreover, as the Supreme Court noted in *Toussie*, criminal limitations statutes are to be liberally interpreted in favor of repose and the doctrine of *continuing* offenses should be applied in only limited circumstances. *Toussie*, 397 U.S. at 115, 90 S.Ct. at 860, 25 L.Ed.2d at 161. We reject the State's argument that *Hippler* should be overruled because it is inconsistent with case law in other jurisdictions.

The State further asserts *Hippler* is inconsistent with *Post*, wherein we held that

> [a]t the time of arrest, a person charged under section 714.1(4) is exercising control over all that property which is in his or her possession, and the total value of that property should be used to determine the degree of guilt.

*Post*, 286 N.W.2d at 202. However, we do not believe *Post* is necessarily inconsistent with *Hippler.*

In *Hippler* we found that the nature of theft did not compel a conclusion that the legislature intended the "crime to be treated as a continuing offense for *purposes of the statute of limitations.*" *Hippler*, 545 N.W.2d at 572 (emphasis added). In *Post*, on the other hand, we did not address the statute of limitations. Nor, significantly, did we state in *Post* that theft by exercising control over stolen property is a continuing offense. Rather, in *Post* we discussed whether the value of all stolen property found in a defen-

dant's possession at the time of arrest could be aggregated to determine the degree of theft. *Post,* 286 N.W.2d at 202. Together these two cases can be read to mean that where the statute of limitations on the offense of theft has not expired, that is, where the initial possession has occurred within three years of the date the trial information is filed, the total value of stolen property in defendant's possession at the time of arrest may be aggregated to determine the degree of theft. We reject the State's contention that *Hippler* should be overruled for the reason it is inconsistent with *Post.*

We conclude Harrison's conviction of second-degree theft should be reversed on the basis that many of the instances of theft occurred three or more years prior to the filing of the trial information. *See Hippler,* 545 N.W.2d at 572. We remand the case to the district court so that Harrison may be tried for those thefts occurring within the statute of limitations.

**REVERSED AND REMANDED.**