FILED

October 13 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 15-0449

DA 15-0449

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 294

_____

STATE OF MONTANA,

      Petitioner,

      v.

MONTANA SECOND JUDICIAL DISTRICT
COURT, SILVER BOW COUNTY, THE
HONORABLE KURT KRUEGER, DISTRICT
JUDGE,

      Defendant and Appellee/Cross-Appellant.

O P I N I O N
A N D
O R D E R

_____

¶1     The Attorney General seeks a writ of supervisory control, arguing that the Second Judicial District Court, Silver Bow County, is proceeding based on a mistake of law by dismissing two counts of a five-count Information against Joseph McGrath. The State challenges the District Court's ruling that the limitations period for unlawful possession of wildlife under § 87-6-202(1), MCA, begins to run on the date a person gains control or ownership of unlawfully taken wildlife. We accept review of the petition in this instance because the case presents a purely legal issue for which there would be no adequate remedy on appeal if the District Court erred. For the following reasons, we conclude that the District Court incorrectly applied the statute of limitations to violations of § 87-6-202(1), MCA. Accordingly, we reverse the District Court's June 10, 2015 order dismissing Counts I and V against McGrath.

**PROCEDURAL AND FACTUAL BACKGROUND**

¶2      The State charged McGrath with a number of offenses under Title 87, MCA, including four counts of unlawful possession of wildlife under § 87-6-202(1), MCA. McGrath moved to dismiss two of the counts—Count I (felony possession of a mountain goat) and Count V (misdemeanor possession of a bobcat)—on the grounds that the statute of limitations barred prosecution.  McGrath relied on § 45-1-205(2)(a) and (5), MCA, asserting that the limitations period for unlawful possession of wildlife begins on the date a person gains control or ownership of the unlawfully taken wildlife.

¶3      The State argued that because § 87-6-202(1), MCA, criminalizes the possession of unlawfully taken wildlife, the limitations period does not begin until a person no longer possesses the unlawfully taken wildlife.  The State analogized a violation of § 87-6-202(1), MCA, to § 45-9-102, MCA, which makes it an offense to possess dangerous drugs.  The State asserted that concluding that the charges against McGrath were time-barred would be similar to concluding that the statute of limitations barred prosecution of a defendant who had taken possession of dangerous drugs more than five years before being found in possession of the drugs.

¶4      The District Court agreed with McGrath and dismissed Counts I and V.  In doing so, the court relied on *State v. Mullin*, 268 Mont. 214, 886 P.2d 376 (1994), and *State v. Hamilton*, 252 Mont. 496, 830 P.2d 1264 (1992).  The court reasoned that "[a]dopting and applying the State's interpretation of the statutes to this case would essentially nullify the statute of limitations for wildlife crimes involving possession of an animal until a date

that could far exceed the statute of limitations expiration date . . . ." The State petitioned this Court for a writ of supervisory control.

## DISCUSSION

¶5   *1. Propriety of Supervisory Control*

¶6   Pursuant to Article VII, section 2(2), of the Montana Constitution, this Court may exercise supervisory control over other courts. We are justified in doing so when "urgency or emergency factors exist making the normal appeals process inadequate, when the case involves purely legal questions, and when . . . the other court is proceeding under a mistake of law and is causing a gross injustice." M. R. App. P. 14(3). "We will assume supervisory control over a district court to direct the course of litigation if the court is proceeding based on a mistake of law, which if uncorrected, would cause significant injustice for which appeal is an inadequate remedy." *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citing *Simms v. Mont. Eighteenth Jud. Dist. Ct.*, 2003 MT 89, ¶ 18, 315 Mont. 135, 68 P.3d 678).

¶7   We find it appropriate to review the State's contentions here. The State presents a purely legal question: whether a violation of § 87-6-202(1), MCA, is continuous conduct for statute of limitations purposes. Such determinations primarily involve statutory interpretation because "[a] particular offense should not be construed as continuing 'unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that [the legislature] must assuredly have intended that it be treated as a continuing one.'" *Hamilton*, 252 Mont. at

3

500, 830 P.2d at 1267 (quoting *Toussie v. United States*, 397 U.S. 112, 115, 90 S. Ct. 858, 860 (1970)). Moreover, whether a violation of § 87-6-202(1), MCA, is continuous conduct for statute of limitations purposes is an issue of first impression, and the answer will govern whether the trial proceeds on two of the five counts against McGrath. The State is not permitted "to appeal from an order that dismisses one count but leaves the case still pending." *State v. Watters*, 2009 MT 163, ¶ 16, 350 Mont. 465, 208 P.3d 408 (citing § 46-20-103, MCA). As such, failure to assume supervisory control would cause significant injustice for which appeal is an inadequate remedy. We therefore grant the State's petition and exercise supervisory control.

¶8    *2. Whether the District Court erred in determining that the statute of limitations for a violation of § 87-6-202(1), MCA, begins when a person takes possession of illegally taken wildlife.*

¶9    Section 87-6-202(1), MCA, makes it unlawful for a person to "possess, ship, or transport all or part of any game fish, bird, game animal, or fur-bearing animal that was unlawfully killed, captured, or taken, whether killed, captured, or taken in Montana or outside of Montana." We recognized in *State v. Norman*, 2010 MT 253, 358 Mont. 252, 244 P.3d 737, that the State must prove three elements to convict a defendant under § 87-6-202(1), MCA: (1) that the defendant possessed all or part of any game animal; (2) that the game animal was unlawfully killed, captured, or taken, whether killed, captured, or taken in Montana or outside of Montana; and (3) that the defendant acted purposely or knowingly. *Norman*, ¶¶ 15, 39 (construing § 87-3-111, MCA (repealed and codified at § 87-6-202, MCA)). The focus of the statute is therefore not the unlawful

4

killing or taking of wildlife, but the purposeful or knowing possession of wildlife that has been unlawfully killed or taken. *Norman*, ¶ 26.

¶10 Here, the District Court correctly focused on McGrath's possession of the unlawfully taken wildlife—as opposed to when the wildlife was illegally taken—in analyzing when the statute of limitations began. The court, however, incorrectly relied on *Mullin* in concluding that the elements for Counts I and V were met—and thus the limitations period began running—when McGrath knowingly exerted control of the illegally taken wildlife and did not relinquish or terminate his control.

¶11 In *Mullin*, the defendant was charged with felony theft in violation of § 45-6-301, MCA. *Mullin*, 268 Mont. at 215, 886 P.2d at 376. The only issue on appeal was whether felony theft is continuous conduct for purposes of the statute of limitations. *Mullin*, 268 Mont. at 215, 886 P.2d at 376. We began our discussion by citing the pertinent definitions of theft found in § 45-6-301, MCA, which provides:

> (1) A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
> .  .  .
> (b) purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property.
> .  .  .
> (3) A person commits the offense of theft when the person purposely or knowingly obtains control over stolen property knowing the property to have been stolen by another and:
> .  .  .
> (b) purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property . . . .

5

In rejecting the State's argument that felony theft is continuous conduct, we concluded that the "plain language of § 45-6-301, MCA, does not state that theft is a continuing offense. Nor does the nature of the crime compel a conclusion that the Legislature intended that this crime be treated as continuing." *Mullin*, 268 Mont. at 217, 886 P.2d at 378. We cited decisions from other jurisdictions holding that theft is not a continuing offense and quoted the following language with approval: "[T]he crime of receiving and concealing stolen property is not a continuing offense and . . . the statute of limitations begins to run when the crime is complete, to wit: when the property is received and concealed with the knowledge that the same is stolen." *Mullin*, 268 Mont. at 218, 886 P.2d at 378 (quoting *State v. Webb*, 311 So. 2d 190, 191 (Fla. Dist. Ct. App. 2d Dist. 1975)).

¶12 Here, the District Court's reliance on *Mullin* is misplaced. The statute at issue in *Mullin* provides that it is an offense *to obtain or exert control* over stolen property. In contrast, the statute at issue here provides that it is an offense *to possess* illegally taken wildlife. The nature of the offense in *Mullin* is therefore different from the nature of the offense here. As we noted in *Mullin*, the crime of receiving stolen property is complete—and therefore the limitations period begins—when the property is received with the knowledge that it is stolen. Here, the statute criminalizes the act of possession and is not limited to receipt of the property. The weight of authority supports the conclusion that the crime of possessing illegally taken wildlife is complete—and therefore the limitations period begins—when a person stops possessing the wildlife.

6

*United States v. Winnie*, 97 F.3d 975 (7th Cir. 1996); *State v. Maidwell*, 50 P.3d 439 (Idaho 2002). *See also United States v. Blizzard*, 27 F.3d 100 (4th Cir. 1994); *United States v. Krstic*, 558 F.3d 1010 (9th Cir. 2009); *People v. Bland*, 898 P.2d 391 (Cal. 1995). The Idaho Supreme Court's *Maidwell* decision and the Seventh Circuit's *Winnie* decision are particularly persuasive because both involve wildlife possession.

¶13    In *Maidwell*, the defendant was charged with unlawful possession of wildlife and argued that the statute of limitations barred prosecution. *Maidwell*, 50 P.3d at 439-440. The statute at issue provided that "no person shall have in his possession any wildlife or parts thereof protected by the provisions of this title . . . ." Idaho Code Ann. § 36-502(b). The Court concluded that unlawful possession of wildlife is continuous conduct for statute of limitations purposes because "the legislature made it unlawful for any person to 'have in his possession' the wildlife parts, rather than to 'take possession of' the wildlife parts." *Maidwell*, 50 P.3d at 442. Moreover, the Court noted, "The wording chosen by the legislature clearly indicates an intent to make this crime a continuing offense." *Maidwell*, 50 P.3d at 442.

¶14    In *Winnie*, the defendant was charged with possessing a cheetah in violation of the Endangered Species Act, 16 U.S.C. § 1538(c)(1). *Winnie*, 97 F.3d at 975. Similar to the District Court's conclusion here, the defendant asserted that the statute of limitations barred prosecution because all the elements of the offense were present when the defendant took possession of the cheetah more than five years before the charges were brought. *Winnie*, 97 F.3d at 975. In rejecting the defendant's argument, the court noted

7

that such a position was "contrary to the plain language of the statute, part of which makes it a crime 'to possess' protected wildlife." *Winnie*, 97 F.3d at 976. The court further noted that the defendant's "analysis would require a conclusion that the crime defined by Congress was 'to take possession of' illegally traded wildlife . . . rather than 'to possess' wildlife." *Winnie*, 97 F.3d at 976. The court concluded that the limitations period "did not begin to run until [the defendant] ceased possessing the cheetah. It was only then that he stopped violating the law." *Winnie*, 97 F.3d at 976.

¶15    Similar to the Endangered Species Act and the Idaho statute, the plain language of § 87-6-202(1), MCA, makes it unlawful "to possess" illegally taken wildlife rather than "to take possession of" illegally taken wildlife. Therefore, a person stops violating § 87-6-202(1), MCA—and the limitations period begins to run—only when he or she ceases to possess illegally taken wildlife. The District Court therefore erred in determining that the statute of limitations for a violation of § 87-6-202(1), MCA, begins when a person takes possession of illegally taken wildlife.

¶16    IT IS HEREBY ORDERED that the Petition for Writ of Supervisory Control is GRANTED.

¶17    IT IS FURTHER ORDERED that the District Court's dismissal of Counts I and V against McGrath is REVERSED. We remand this case to the District Court to reinstate Counts I and V and for further proceedings.

¶18    The Clerk of Court is directed to provide copies hereof to all counsel of record and the Honorable Kurt Krueger, Second Judicial District Court Judge, presiding.

8

DATED this 13th day of October, 2015.

/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA