FILED

January 12 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0551

DA 14-0551

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 8

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

TANRE DESHAZER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 2013-243
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Natalie Wicklund, Assistant Appellate Defender; Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz,
Assistant Attorney General; Helena, Montana

            William Fulbright, Ravalli County Attorney, Thorin Geist, Deputy
County Attorney; Hamilton, Montana

Submitted on Briefs:  October 28, 2015
Decided:  January 12, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Tanre Deshazer appeals an order of the Twenty-First Judicial District Court, Ravalli County, denying his motion to dismiss a charge of felony theft by common scheme for improper venue.  We address the following issue:

> *Whether the District Court erred when it denied Deshazer's motion to dismiss for improper venue.*

¶2      We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3      In December 2013, the State of Montana charged Deshazer with felony theft by common scheme for double-cashing seven paychecks issued by SS Staffing Inc., an employment agency located in Ravalli County.  SS Staffing issued the paychecks for Deshazer's work as a temporary employee at The Springs, a senior living community in Missoula County.

¶4      Between October and December 2012, Deshazer electronically deposited the seven paychecks to his Bank of America account via a mobile banking application on his smartphone.  Using the application, Deshazer sent a photograph of each paycheck and a note of its amount to Bank of America for deposit.  After making the electronic deposits, Deshazer retained the physical paychecks; then, between February and April 2013, Deshazer endorsed, submitted, and received cash for those same paychecks at either a

Walmart or an Albertson's in Missoula. Bitterroot Valley Bank in Ravalli County,[1] where SS Staffing does its banking, honored all fourteen deposits and later reimbursed SS Staffing for the duplicate charges.

¶5 In April 2013, an SS Staffing employee reported the double-cashed paychecks to the Hamilton Police Department in Ravalli County. Deshazer admitted to double-cashing the paychecks, and the State charged him in Ravalli County with one count of felony theft by common scheme. Deshazer moved to dismiss the charges against him, alleging that they were brought in an improper venue. At a May 8, 2014 pre-trial hearing, the District Court verbally denied Deshazer's motion, concluding that Ravalli County was a proper venue. The District Court issued its written opinion and order denying Deshazer's motion on June 2, 2014. The District Court concluded that the State could charge Deshazer with theft in Ravalli County because the stolen funds were unlawfully transferred from SS Staffing's bank account at Bitterroot Valley Bank in Ravalli County.

¶6 On June 3, 2014, at the conclusion of a non-jury trial, Deshazer was convicted of felony theft by common scheme. The parties stipulated to $1,549.03 in restitution, and Deshazer was sentenced to a five-year commitment to the Department of Corrections. On appeal, Deshazer contends that the District Court erred by denying his motion to dismiss for improper venue.

---

[1] Deshazer requests that this Court take judicial notice of the Secretary of State's Registry that Bitterroot Valley Bank is located in Lolo, in Missoula County. We decline to do so, as that fact was not presented below and we "will not consider on appeal facts that are not found in the record." *State v. Bromgard*, 273 Mont. 20, 23, 901 P.2d 611, 613 (1995).

**STANDARD OF REVIEW**

¶7      We review de novo a district court's grant or denial of a motion to dismiss in a criminal case. *State v. Young*, 2007 MT 323, ¶ 24, 340 Mont. 153, 174 P.3d 460.

**DISCUSSION**

¶8      *Whether the District Court erred when it denied Deshazer's motion to dismiss for improper venue.*

¶9      The Montana Constitution safeguards a criminal defendant's right to a trial by a "jury of the county or district in which the offense is alleged to have been committed." Mont. Const. art II, § 24. In line with this provision, § 46-3-110(1), MCA, requires criminal charges to be filed "in the county where the offense was committed." However, when the requisite acts of a criminal offense occur in more than one county, "the charge may be filed in any county in which any of the acts or offenses occurred." Section 46-3-112(1), MCA. Similarly, "if the county in which the offense was committed cannot be readily determined, the offender may be charged in any county in which it appears that an element of the offense occurred." Section 46-3-114(1), MCA.

¶10     The State charged Deshazer with the crime of felony theft by common scheme pursuant to § 45-6-301(1), MCA. "A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner" with "the purpose of depriving the owner of the property." Section 45-6-301(1), MCA. Felony theft thus consists of two elements: "a knowing exertion of control and a purpose to deprive." *State v. Eagle Speaker*, 2000 MT 152, ¶ 13, 300 Mont. 115, 4 P.3d 1 (citing § 45-6-301(1)(a), MCA (Compiler's Cmts.)).

4

Under the Montana Constitution, the State had the authority to bring charges against Deshazer in any county in which either of these elements occurred. *See Eagle Speaker*, ¶ 24 ("[T]he offense of theft occurs for jurisdictional purposes where the elements of that offense take place.").

¶11 The parties dispute the moment in time at which Deshazer "knowingly exert[ed] unauthorized control" over the property of SS Staffing. *See* § 45-6-301(1), MCA. In its order denying Deshazer's motion to dismiss, the District Court concluded that Ravalli County was an appropriate venue because "the requisite act of exerting unauthorized control over money occurred when Deshazer cashed each of the 7 checks a second time, causing funds to be unlawfully transferred from SS Staffing's bank account at Bitterroot Valley Bank, thereby acting negatively upon these two Ravalli County based entities." On appeal, Deshazer contends that Ravalli County was not a proper venue because "Mr. Deshazer completed the theft when he accepted the cash" and, thus, "[e]very element of Mr. Deshazer's theft transpired within Missoula County." By contrast, the State contends that "[u]nauthorized control did not occur until Bitterroot Valley Bank transferred the funds" for the duplicate checks.

¶12 "[A] theft is complete once all the elements of the theft transpired." *Eagle Speaker*, ¶ 15. The State cites *State v. Cline*, 170 Mont. 520, 555 P.3d 724 (1976), to support its argument that Deshazer's theft was not complete until the funds for the duplicate checks were retracted from SS Staffing's bank account at Bitterroot Valley Bank. In *Cline*, we held that Lewis and Clark County was a proper venue to charge a defendant with obtaining money by false pretenses because one of the elements of that

5

crime—"fraud in obtaining the state's settlement money"—occurred "in Lewis and Clark County where the settlement money was disbursed." *Cline*, 170 Mont. at 533, 555 P.3d at 732-33. Deshazer attempts to distinguish *Cline* by arguing that, in *Cline*, "the disbursal action completed the element of fraud." By contrast, Deshazer argues, a theft charge does not require a victim to assent to action, so Deshazer committed a theft "as soon as" he received cash for his paychecks at Albertson's or Walmart.

¶13 Section 45-6-301(1), MCA, specifically requires the exertion of "unauthorized control over the property *of the owner*" (emphasis added). The parties do not dispute that SS Staffing owned the bank account from which the money for Deshazer's duplicate paychecks was retracted. Until the funds were transferred out of SS Staffing's account, Deshazer did not exert unauthorized control over SS Staffing's property. We find Deshazer's attempt to distinguish *Cline* unpersuasive.

¶14 SS Staffing, based in Ravalli County, issued Deshazer's paychecks. Deshazer first electronically deposited seven paychecks into his own bank account. He then took the same seven paychecks to retailers in Missoula County and received cash in exchange for them. Deshazer did not obtain control of SS Staffing's property until the duplicate amounts were transferred from SS Staffing's bank account at Bitterroot Valley Bank.

¶15 Had Deshazer's theft been interrupted immediately after he had cashed the checks, or had Bitterroot Valley Bank refused to honor the checks before retracting the money from SS Staffing's bank account, then Deshazer's theft would have been perpetrated against Walmart and Albertson's, since they would have been the "owners" of the money over which he had exercised "unauthorized control." *See* § 45-6-301(1), MCA. But that

6

is not what happened in this case. The checks were honored, and duplicate funds were retracted from SS Staffing's account, thus completing Deshazer's theft of SS Staffing's funds. Accordingly, the element of theft requiring the exertion of unauthorized control over property of the owner occurred in Ravalli County when the stolen funds were transferred out of SS Staffing's bank account. The District Court did not err in concluding that Ravalli County was a proper venue for the State to charge Deshazer with felony theft by common scheme.

## CONCLUSION

¶16 We affirm the District Court's decision and order denying Deshazer's motion to dismiss for improper venue.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE