FILED

12/03/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0635

DA 22-0635

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 286N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SAUL JAMES DOOLING,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 21-116
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Tammy Hinderman, Appellate Defender, Helena, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

      William E. Fulbright, Ravalli County Attorney, Dave Lakin, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  October 23, 2024

Decided:  December 3, 2024

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Saul James Dooling appeals his conviction for felony theft on the ground that the State improperly charged him in Ravalli County when the vehicle he used to evade police initially was stolen in Missoula County. We affirm.

¶3     The State charged Dooling with felony theft and several related misdemeanors after Dooling was apprehended following a high-speed chase in a stolen sedan in Ravalli County. The Information alleged that Dooling purposely or knowingly exerted unauthorized control over a vehicle belonging to Jerry's Transmission, with the purpose of depriving Jerry's Transmission of the vehicle, in violation of § 45-6-301, MCA. Jerry's Transmission is located in Missoula County. Dooling moved to dismiss the theft charge, alleging that because the theft of the sedan occurred in Missoula, he could not be charged in Ravalli County. After briefing on the motion, the District Court rejected Dooling's argument. It reasoned that the State had authority to charge Dooling in Ravalli County because he was alleged to have exerted "unauthorized control" of the stolen vehicle there, "regardless of where it came from." The court explained:

> To satisfy the elements of the offense charged, the State must prove the Defendant obtained or exerted unauthorized control over property belonging to another. The "or" is disjunctive implying that Defendant must be shown

to have either obtained or to have exerted unauthorized control, but the State is not required to prove both.

Under a plea agreement with the State, Dooling later pleaded guilty to the theft charge and three misdemeanors and reserved the right to appeal the venue question. The District Court committed Dooling to the Department of Corrections for three years on the theft conviction, with 181 days of credit for jail time served. Dooling does not appeal the misdemeanor convictions.

¶4 We review de novo a district court's ruling on a motion to dismiss in a criminal case. *State v. Burns*, 2011 MT 167, ¶ 17, 361 Mont. 191, 256 P.3d 944.

¶5 Dooling argues that he was entitled to be charged and tried in the venue where the sedan was alleged to have been stolen, Missoula County, as all elements of the theft offense were completed in Missoula County. Dooling reasons that because theft is not a continuing offense, where the property was stolen is where the crime should be prosecuted. He relies primarily on *State v. Eagle Speaker*, 2000 MT 152, ¶¶ 15, 24, 300 Mont. 115, 4 P.3d 1, in which this Court held that the charged theft was complete when the defendant stole horses on the Blackfeet Reservation, and his act of transporting them off the Reservation did not give Montana jurisdiction over the offense. Likewise, Dooling contends, his alleged theft was complete in Missoula County, and that is where the State was required to charge him.

¶6 The State responds that Dooling's argument reads out of the theft statute the phrase "exerts unauthorized control" and would thwart a theft prosecution in cases where the State could not prove where a defendant initially obtained the stolen property. *Eagle Speaker* is distinguishable, the State maintains, because it involved a question of jurisdiction between

3

two sovereign nations, not "where the case may be heard." The State adds that when an offense "is committed in or against a public or private conveyance and it is doubtful in which county the offense occurred, the charge may be filed in any county in or through which the conveyance has traveled." Section 46-3-114(2), MCA. Dooling does not respond to the State's arguments.

¶7 "The Montana Constitution safeguards a criminal defendant's right to a trial by 'jury of the county or district in which the offense is alleged to have been committed.'" *State v. Deshazer*, 2016 MT 8, ¶ 9, 382 Mont. 97, 365 P.3d 475 (citing Mont. Const. art. II, § 24). "[I]f an act requisite to the commission of an offense occurs or continues in more than one county, the charge may be filed in any county in which the act occurred or continued." Section 46-3-112(2), MCA.

¶8 Section 45-6-301(1)(a), MCA, provides:

> A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
> (a) has the purpose of depriving the owner of the property[.]

"When the language of a statute is plain, unambiguous, direct, and certain, the statute speaks for itself and no further interpretation is required." *Bryer v. Accident Fund Gen. Ins. Co.*, 2023 MT 104, ¶ 42, 412 Mont. 347, 530 P.3d 801. In the context of statutory interpretation, we have observed:

> The word "or" connotes a disjunctive particle, and it is used to express an alternative between two or more things . . . . When a requirement contains a disjunctive, only one of the separately stated factors must exist.

*Contreras v. Fitzgerald*, 2002 MT 208, ¶ 15, 311 Mont. 257, 54 P.3d 983 (internal citations omitted). The State could have charged Dooling with "obtain[ing]" unauthorized control of the sedan from Jerry's Transmission *or* with "exert[ing]" unauthorized control of the sedan when he eluded police on Highway 93 in Ravalli County. As Dooling was alleged to have exerted unauthorized control of the stolen property in Ravalli County, the charge was proper.

¶9 We agree with the State that Dooling's cited authorities do not compel a different conclusion. In *State v. Mullin*, we held that felony theft is not a continuing offense for the purpose of tolling the statute of limitations. *State v. Mullin*, 268 Mont. 214, 217-18, 886 P.2d 376, 378 (1994) (s*uperseded by statute*, § 45-1-205(7)(b), MCA). We reaffirmed that conclusion in *Eagle Speaker,* ¶¶ 14-15. In both cases, we held that the charged offense of felony theft was complete once every element occurred. We concluded in *Eagle Speaker*

> that the offense of theft occurs for jurisdictional purposes where the elements of that offense take place. From the Information and supporting affidavit, it is clear that the State has alleged that Eagle Speaker exerted unauthorized control with the intent to deprive within the exterior boundaries of the Blackfeet Reservation. Accordingly, because Eagle Speaker allegedly committed theft on the Blackfeet Reservation, the District Court was without jurisdiction to hear the State's charges.

*Eagle Speaker*, ¶ 24. In this case, the Information alleged only that Dooling exerted unauthorized control of the vehicle within Ravalli County, not that Dooling stole the vehicle in Missoula County. This was sufficient for venue purposes. As we explained in *Deshazer*, felony theft "consists of two elements: a knowing exertion of control and a purpose to deprive." *Deshazer*, ¶ 10 (internal citations and quotations omitted). The State

5

thus had the authority to bring charges against Dooling "in any county in which either of these elements occurred." *Deshazer*, ¶ 10.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court was correct that venue was proper in Ravalli County, and its judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE